**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHRISTOPHER WAGNER,**<br><br>　　　　**Plaintiff,**<br><br>　　vs.<br><br>**SPIRE VISION LLC** *et al.*,<br><br>　　　　**Defendants.** | Case No.: 13-00054 YGR<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND; DENYING REQUEST FOR ATTORNEYS' FEES** |

　　　Plaintiff Christopher Wagner filed this action in the Sonoma County Superior Court alleging misrepresentations in e-mail spammed by the Defendants in violation of Cal. Bus. & Prof. Code § 17529.5 and § 17538.5. Defendant Spire Vision removed this action invoking this Court's diversity jurisdiction.

　　　Plaintiff has filed a Motion to Remand and Request for Attorneys' Fees on the grounds that Defendant Spire Vision failed to join all properly joined and served defendants in its Notice of Removal, failed to demonstrate complete diversity, and failed to demonstrate that the amount in controversy is likely to exceed $75,000.

　　　Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART** the Motion to Remand to the extent the motion seeks remand but **DENIES** the request for attorneys' fees.

　　　Defendants have failed to allege adequately the citizenship of all the parties to this action. Limited liability companies, or LLCs, are like partnerships in that they are a citizen of every state where its owners and members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437

F.3d 894, 899 (9th Cir. 2006).  The notice of removal alleges each LLC's place of incorporation and principal place of business, which is the test for determining citizenship of a corporation, but is inapplicable to LLCs.  This failure alone is enough to support remand.  *See Solberg*, 2011 WL 1295940, at *3-4 (finding failure to allege facts regarding citizenship of an LLC gave defendant no basis for removal); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (failure to specify state citizenship is fatal to an assertion of diversity jurisdiction).

Even if Defendants had properly alleged citizenship of all the parties, there is not complete diversity of citizenship because at least one defendant is a citizen of California, the same state of citizenship as Plaintiff Wagner.  The Court finds no improper joinder in this case.  Therefore, this Court finds that it does not have diversity jurisdiction.

Furthermore, Defendants have not joined, or obtained consent from, all properly joined and served defendants in the removal, as required by the rule of unanimity.  28 U.S.C. § 1446(b)(2)(A).

Plaintiff's Motion for Remand is **GRANTED**.  Plaintiff's request for attorneys' fees and costs is **DENIED**.

The Clerk is **DIRECTED** to **REMAND** this case to Sonoma County Superior Court.

**IT IS SO ORDERED**.

**Dated: March 8, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**